**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW<br>Suite 800<br>Washington, DC 20006,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Ave., N.W.<br>Washington, DC 20220,<br><br>    Defendant. | Civil Action No._____ |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records maintained by Defendant the Department of the Treasury ("Treasury"). The records concern the funding of settlements arising from complaints of misconduct against members of Congress and their staffs, including but not limited to instances of sexual harassment, racial and religious discrimination, and discrimination against people with disabilities.

2. The Treasury has failed to issue a final determination on or produce any records responsive to the CoA Institute FOIA request within the applicable statutory time limits. In doing so, the Treasury has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

**JURISDICTION AND VENUE**

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

5. Cause of Action Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

6. The Department of the Treasury is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, or control of records to which Plaintiff seeks access and which are the subject of this Complaint.

**FACTS**

7. Beginning in October 2017, various news outlets reported the existence of a fund administered by the Treasury from which payments were made to settle accusations of misconduct against members of Congress and their staffs. *See, e.g.,* Avery Anapol, *Dem lawmaker says House paid out $15M in harassment settlements*, The Hill (Nov. 14, 2017), http://bit.ly/2zKAczB. On November 16, 2017, the Office of Compliance confirmed the existence of such a fund and that it had been used to pay 264 settlements or awards from 1997 to present. Office of Compliance, Statement from the Office of the Executive Director (Nov. 16, 2017), *available at* http://bit.ly/2yQc1hV.

8. On November 16, 2017, CoA Institute submitted a FOIA request to the Treasury via the FOIA submission portal on the Treasury's website seeking: "All records, including but not limited to email communications, letters, and financial accounts, relating to the funding of settlements arising from complaints of misconduct against members of Congress and their staffs. These complaints include but are not limited to instances of sexual harassment, racial and religious discrimination, and discrimination against people with disabilities." The time period for the request was January 1, 1997 to the present. *See* Ex. 1.

9. As this FOIA request concerned a breaking news story of general public interest, and one which involves government activity for which there is an urgent need to inform the public, CoA Institute requested expedited processing in accordance with the FOIA and applicable regulations.

10. CoA Institute also sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes.

11. The Treasury received the CoA Institute FOIA request on November 16, 2016, the date it was submitted via the Treasury FOIA portal, and assigned it a 33-digit submission code.

12. On December 18, 2017, CoA Institute contacted Treasury by email to inquire on the status of the FOIA request. Treasury responded by email the same day only to say that the request had been forwarded to the Bureau of the Fiscal Services, a subdivision of Treasury. The next day, Treasury forwarded a letter of acknowledgement, dated December 18, 2017, which assigned the request the tracking number 2017-12-123 and again stated that the request had been forwarded to the Bureau of the Fiscal Service for processing. Ex. 1.

13. To date, Treasury has not issued a determination regarding expedited processing, nor has it made a final determination on or produced any records responsive to the FOIA request.

## COUNT 1
### Violation of FOIA: Failure to Comply with Statutory Deadlines

14. CoA Institute repeats all of the above paragraphs.

15. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

16. The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  *Id.* §§ 552(a)(6)(A)–(B).  If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

17. The FOIA requires each agency to promulgate regulations providing for expedited processing of FOIA requests and to make a determination on requests for expedited processing within ten (10) calendar days.  *Id.* § 552(a)(6)(E)(i)–(ii).

18. Treasury FOIA regulations provide that requests shall be given expedited treatment if made by "a person primarily engaged in disseminating information" and on a matter "concerning actual or alleged Federal Government activity" where there is "urgency to inform[.]"  Urgency to inform is defined as "a matter of current exigency to the American public [where delay] would compromise a significant recognized interest to and throughout the American general public." 31 C.F.R. § 1.5(e)(2)(ii).

19. An agency presumptively fails to meet its expedited processing obligations when it fails to meet the standard twenty-day deadline for the processing of a FOIA request. *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006).

20. The CoA Institute FOIA request seeks access to agency records maintained by the Treasury, reasonably describes the records sought, and otherwise complies with the FOIA and applicable Treasury regulations.

21. The CoA Institute FOIA request meets the FOIA and Treasury guidelines for the grant of expedited processing.

22. The Treasury failed to issue a determination on CoA Institute's request for expedited processing, and also failed to provide a final determination on or produce any records responsive to the FOIA request, within the applicable FOIA time limits.

23. The Treasury also failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the FOIA request.

24. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order the Treasury to process the CoA Institute FOIA request expeditiously and issue a final determination within twenty (20) business days of the date of the Order;

b. Order the Treasury to produce all responsive records promptly after issuing its final determination;

c. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    d.  Grant such other relief as the Court may deem just and proper.

Date: December 18, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Lee A. Steven

　　　　　　　　　　　　　　　　　　　　　　Lee A. Steven
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar. No. 468543
　　　　　　　　　　　　　　　　　　　　　　John E. McGlothlin
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar. No. 1046878

　　　　　　　　　　　　　　　　　　　　　　Cause of Action Institute
　　　　　　　　　　　　　　　　　　　　　　1875 Eye Street, NW, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 499-4232
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 330-5842
　　　　　　　　　　　　　　　　　　　　　　lee.steven@causeofaction.org
　　　　　　　　　　　　　　　　　　　　　　john.mcglothlin@causeofaction.org

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*